FILED 20 JAN '26 13:55 USDC-ORP

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

Case No. 3:26-CV-115-YY

**MICHELE MEI**, Plaintiff,

vs.

**MULTNOMAH COUNTY**
and **HOME FORWARD**, Defendants

**COMPLAINT:**
Violation of Title II of The Americans With Disabilities Act, 42 U.S.C. § 12131 *et seq.* (1990); The Fair Housing Act, 42 U.S.C. § 3601 *et seq.*; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.*; 42 U.S.C. § 1983; ORS 659A.425; and Negligence.
**DEMAND FOR JURY TRIAL**

## INTRODUCTION

1. This action arises from Defendants' failure to provide reasonable accommodations and effective communication to a disabled individual seeking access to essential housing assistance information.

2. For approximately two years, Plaintiff repeatedly requested in-person meetings with Defendants as a disability accommodation so she could understand whether and how to access a publicly administered housing assistance program.

3. Defendants knew Plaintiff was disabled, knew she could not meaningfully process information without in-person communication, knew that providing such a meeting presented no burden, and nonetheless refused to accommodate her.

4. Defendants' conduct functioned as a constructive denial of access to public benefits, causing Plaintiff severe emotional distress, housing instability, eviction notices, and displacement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under **28 U.S.C. § 1331** because this action arises under:

   a. Title II of the Americans with Disabilities Act, **42 U.S.C. § 12131 et seq.**

   b. Section 504 of the Rehabilitation Act, **29 U.S.C. § 794**

   c. 42 U.S.C. § 1983

6. This Court has supplemental jurisdiction over state-law claims under **28 U.S.C. § 1367**, including negligence.

7. Venue is proper under **28 U.S.C. § 1391(b)** because the events giving rise to these claims occurred in Multnomah County, Oregon.

## PARTIES

8. **Plaintiff** is a 64-year-old woman residing in Multnomah County, Oregon.

9. **Plaintiff** has multiple documented physical and mental health disabilities that substantially limit major life activities, including her ability to process complex written and electronic information without in-person explanation and interaction.

10. **Defendant Multnomah County** is a local government entity that controls access to affordable housing and rental assistance programs, including Regional Long-Term Rent Assistance, in Multnomah County, and is responsible for administering and overseeing housing and social services.

11. **Defendant Home Forward** is the local public housing authority in Multnomah County that administers housing assistance programs, including Regional Long-Term Rent Assistance.

12. At all relevant times, Defendants acted under color of state law.

## FACTUAL ALLEGATIONS

13. Plaintiff sought information about a housing assistance program known as **Regional Long-Term Rent Assistance**, which provided long-term rental support to households experiencing housing instability, with a focus on households where people were living with disabilities and leaving or at risk of long-term homelessness.

14. Plaintiff contacted Defendants multiple times seeking basic information about whether she could access the Regional Long-Term Rent Assistance program and how to do so.

15. Plaintiff explicitly informed Defendants that she had disabilities and **requested in-person meetings as a reasonable accommodation**, explaining that this was the only way she could understand complex programmatic, eligibility and application information.

16. Defendants repeatedly refused or failed to provide an in-person meeting, instead redirecting Plaintiff between agencies, departments, and nonprofit service providers.

17. Defendants did not engage in any interactive process with Plaintiff, did not offer alternative effective accommodations, and did not claim that an in-person meeting would impose an undue burden or fundamentally alter operations.

18. Defendants knew or should have known that their refusal to provide accessible communication prevented Plaintiff from understanding how to access housing assistance.

19. As a direct result, Plaintiff was unable to access or meaningfully pursue long-term rent assistance during a prolonged period of repeated episodes of acute housing insecurity.

20. During this time, Plaintiff:

    - Was forced to repeatedly apply for short-term and emergency rent assistance through multiple uncoordinated agencies and nonprofits;

    - Received eviction notices;

    - Was required to move multiple times;

    - Experienced prolonged stress, anxiety, and emotional distress.

21. Defendants' actions were not isolated errors, but a pattern of knowing inaction despite repeated notice of Plaintiff's disabilities and accommodation needs.

22. Plaintiff filed a Housing Discrimination Complaint with the Civil Rights Division of Bureau of Labor and Industries (BOLI) on April 30, 2024.

23. BOLI issued a Notice of Substantial Evidence Determination on April 16, 2025, finding substantial evidence of an unlawful housing practice by Defendants on the basis of disability, in violation of ORS 659A.145.

## FIRST CLAIM FOR RELIEF
### Violation of Federal Fair Housing Act
### 42 U.S.C 3601 et seq.

24. Plaintiff re-alleges paragraphs 1-23.

25. Plaintiff is a person with a disability within the meaning of the Fair Housing Act.

26. Defendants are entities subject to the Fair Housing Act.

27. Defendants' refusal to provide in-person communication as a reasonable accommodation interfered with Plaintiff's ability to obtain and maintain housing and made housing unavailable to her.

28. Defendants' conduct violated 42 USC 3604(f)(3)(B).

29. Defendants further coerced, interfered with, or obstructed Plaintiff's exercise and enjoyment of fair housing rights by maintaining inaccessible processes despite repeated notice, in violation of 42 USC 3617.

30. Plaintiff suffered damages as a direct and proximate result of Defendants' unlawful housing discrimination.

## SECOND CLAIM FOR RELIEF
### Violation of Title II of the Americans with Disabilities Act
### 42 U.S.C. § 12131 et seq.

31. Plaintiff re-alleges paragraphs 1–30.

32. Plaintiff is a qualified individual with a disability.

33. Defendants are public entities subject to Title II of the ADA.

34. Defendants denied Plaintiff the benefits of, and access to, public services, programs, and activities by failing to provide reasonable accommodations and effective communication.

35. Access to information necessary to understand and apply for housing assistance is an integral component of the service itself.

36. Defendants' refusal to provide an in-person meeting excluded Plaintiff from meaningful participation by reason of disability.

37. Defendants acted with deliberate indifference to Plaintiff's federally protected rights.

## THIRD CLAIM FOR RELIEF

### Violation of Section 504 of the Rehabilitation Act
### 29 U.S.C. § 794

38. Plaintiff re-alleges paragraphs 1–37.

39. Defendants receive federal financial assistance.

40. Plaintiff was excluded from participation in, and denied the benefits of, Defendants' programs solely by reason of disability.

41. Defendants failed to provide reasonable accommodations despite actual knowledge of Plaintiff's disabilities and needs.

### FOURTH CLAIM FOR RELIEF
### Civil Rights Violations under 42 U.S.C. § 1983

42. Plaintiff re-alleges paragraphs 1–41.

43. Defendants acted under color of state law.

44. Defendants deprived Plaintiff of rights secured by federal law, including the right to reasonable accommodation and non-discriminatory access to public programs.

45. Defendants' policies, practices, and customs were the moving force behind Plaintiff's injuries.

### FIFTH CLAIM FOR RELIEF
### Negligence

46. Plaintiff re-alleges paragraphs 1–45.

47. Defendants owed Plaintiff a duty to exercise reasonable care in administering public assistance programs and communicating eligibility information.

48. Defendants breached that duty by failing to provide accessible communication and reasonable accommodations to a known disabled individual.

49. Plaintiff suffered foreseeable harm as a direct result of Defendants' negligence.

### DAMAGES

50. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered prolonged and severe emotional distress, anxiety, humiliation, loss of dignity, and

exacerbation of existing physical and mental health conditions. For approximately two years, Plaintiff was subjected to chronic stress and instability caused by Defendants' repeated refusal to provide reasonable accommodations necessary for her to access essential housing assistance information. This stress occurred in the context of housing insecurity, eviction notices, forced moves, and the ongoing fear of homelessness. Plaintiff seeks compensatory damages representing a reasonable and proportionate award to redress the cumulative emotional, psychological, and dignitary harms caused by Defendants' deliberate indifference, as well as the foreseeable consequences of being constructively denied access to housing-related public benefits.

51. In particular, Plaintiff suffered:

    - Severe and prolonged emotional distress

    - Exerbation of underlying physical and mental health disabilities

    - Anxiety, stress and psychological harm

    - Housing instability

    - Loss of housing and associated moving costs

    - Humiliation and loss of dignity

    - Loss of enjoyment of life

52. Defendants' conduct was willful, reckless, and/or deliberately indifferent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against DefendantS and grant the following relief:

53. To accept jurisdiction of this case;

54. Declare Defendants' conduct unlawful, including acts and omissions in violation of Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, the Fair Housing Act, and 42 U.S.C. § 1983;

55. Award compensatory damages in an amount to be determined at trial for emotional distress, loss of dignity, economic losses, worsening of physical disabilities, loss of enjoyment of life, anxiety and stress, caused by Defendants' unlawful conduct;

56. Award punitive damages under the Fair Housing Act against Defendants whose conduct was willful, malicious, and in reckless disregard of Plaintiff's federally protected rights;

57. Grant injunctive and equitable relief requiring Defendants to provide:

   a. Lawful and accessible intake and accommodation procedures

   b. Provide meaningful access to programs and services for people with disabilities

   c. Train staff on federal disability and civil-rights obligations

   d. Cease discriminatory practices and policies

58. Award reasonable fees and costs as permitted by law;

59. Grant such other relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a **trial by jury** on all issues so triable.

Respectfully submitted, this 1/20/26 _Michele Mei_

**MICHELE MEI**
5535 SE 57th Avenue
Portland, OR 97206
(503) 679-4724
95mmei@gmail.com
*Pro Se*